IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| IN RE: * | |
| * | |
| CHARLES WAYNE LANG * | Case No. 19-60037 |
| 432 FAIRMONT * | Chapter 13 |
| KILGORE, TX 75662 * | |
| xxx-xx-6346 * | |
| * | |
| * | |

Debtor

MOTION TO DISMISS WITH PREJUDICE FOR 120 DAYS
AND SETTING HEARING

**The Trustee further requests this Court to set this Motion for hearing on the 28th day of February, 2019, at 10:00 am in the UNITED STATES BANKRUPTCY COURT PLAZA TOWER, 110 N. COLLEGE AVENUE NINTH FLOOR, TYLER, TX.**

To the Honorable Judge of Said Court:

COMES NOW CAREY EBERT, Trustee herein, and files this his Motion to Dismiss With Prejudice for 120 Days and Setting Hearing in the above numbered and styled proceeding, and for cause would show this Honorable Court as follows:

**Jurisdiction**

1.  **Jurisdiction:** The Court has jurisdiction over this proceeding in accordance with 28 U.S.C. §§ 157 and 1334. This is a core proceeding according to 28 U.S.C. § 157(b).

2.  **Dismiss Case for one or more of the following reasons (other than lack of plan payments:** This case should be dismissed for one or more of the following reasons:

    ( x )   **No timely filed Chapter 13 Plan.** The Debtor[1] failed to file or timely file a Chapter 13 Plan within the time deadlines as set forth in Bankruptcy Rule 3015(b).

    ( x )   **No timely filed Schedules, Statement of Financial Affairs, and/or Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Form B 22C).** The Debtor failed to file or timely file one or more of the following documents within the time deadlines as set forth

---

[1] The use of the singular term "Debtor" in this Motion to Dismiss includes both Debtors when the case has been initiated by the filing of a joint petition by spouses.

in Bankruptcy Rule 1007(c): All or some of Schedules A through J; Statement of Financial Affairs; and/or Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income (Form B 22C).

( )    **No Credit Counseling Certificate.**  The Debtor failed to file a Credit Counseling Certificate as required under 11 U.S.C. § 109(h)(1) and Bankruptcy Rule 1007(b)(3).

( )    **No 341 Creditor's Meeting.**  The Debtor failed to appear and submit to examination under oath at the meeting of creditors called under 11 U.S.C. § 341 pursuant to the obligations as imposed upon the Debtor pursuant to the provisions of 11 U.S.C. § 343.

( )    **341 Creditor's Meeting Not Held or Unable to be Concluded.**  The Debtor appeared at the scheduled meeting of creditors called under 11 U.S.C. § 341 but the meeting was either not able to be held or concluded for one or more reasons including but not limited to the following:  failure to provide acceptable government issued photo identification pursuant to the provisions of Bankruptcy Rule 4002(b)(1)(A) and, if the meeting of creditors is being conducted electronically, pursuant to the provisions of the Court's Local Rule of Bankruptcy Procedure 4002(a); failure to provide acceptable proof of social security number pursuant to the provisions of Bankruptcy Rule 4002(b)(1)(B) and, if the meeting of creditors is being conducted electronically, pursuant to the provisions of the Court's Local Rule of Bankruptcy Procedure 4002(a); failure to provide financial information required pursuant to the provisions of 11 U.S.C. § 521(a)(1) and Bankruptcy Rule 4002(b)(2); and/or failure to provide copy of the Debtor's tax returns pursuant to the provisions of 11 U.S.C. §§ 521(e)(2)(A) and (B) and Bankruptcy Rule 4002(a)(3).

( )    **Ineligible for Chapter 13 Relief.**  The Debtor is ineligible for Chapter 13 relief pursuant to the provisions of 11 U.S.C. § 109(e) in that the Debtor does not have regular income and/or the Debtor's liquidated and non-contingent exceed the debt limits.

( )    **Other.**  [List other basis that may justify the dismissal of a pre-confirmed case]

The Trustee asserts that the reason(s) as asserted hereinabove constitute grounds for the dismissal of this case due to an unreasonable delay by the Debtor that is prejudicial to the creditors pursuant to 11 U.S.C. § 1307(c)(1); if applicable, failure to file a timely plan pursuant to the provisions of 11 U.S.C. § 1307(c)(3); if applicable, failure to file or provide required information pursuant to the provisions of 11 U.S.C. § 1307(c)(9); and/or, if applicable, failure to file or provide the information pursuant to the provisions of 11 U.S.C. § 1307(c)(10). The Trustee asserts that the dismissal of the case is in the best interests of the creditors.

3.    **Only applies if checked off:**

**( ) Dismiss Case for Failure to Make Plan Payments:** The Trustee requests this case be dismissed pursuant to the provisions of 11 U.S.C. § 1307(c)(1) based upon

the failure of the Debtor to make plan payments and the Trustee asserts that such dismissal would be in the best interests of the Creditors.

**Amount of arrearage in Plan Payments:** The Debtor is in arrears in the amount of   as of   plus any additional plan payments that come due between that date and the hearing date noted above.

**Bringing Plan Payments Current Prior to the Hearing**: **To prevent the dismissal of this case, the Debtor may bring the plan payments current by making payments by one of the acceptable options as set forth on the Trustee's website in sufficient time for the payment to post prior to the Court hearing.**[2]

**Artificially Bringing Plan Payments Current through an Amended Plan:** The Trustee would assert that an amended Chapter 13 Plan filed by the Debtor that artificially brings the Debtor current on plan payments without requiring the Debtor to make any actual plan payments, absent good cause to file such, is filed in bad faith in violation of the provisions of 11 U.S.C. § 1325(a)(3) and would **not** constitute a defense to the dismissal of this case as requested under this Motion to Dismiss.

4.  **Dismissal With Prejudice to Prevent the Debtor's Re-filing a Second Case for 120 Days:** The Trustee requests that this case be dismissed with prejudice to prevent the Debtor from filing for relief under any Chapter under Title 11 of the United States Code for a period of 120 days. In support of same, the Trustee asserts that the Debtor's actions as described herein constitute "cause" under 11 U.S.C. § 349(a).

---

[2] **See the various payment options at the Trustee's website at http://ch13tyler.com under the tab on the left of the screen entitled "Debtors".**

      WHEREFORE, PREMISES CONSIDERED, the Trustee requests that this case be dismissed with prejudice thereby prohibiting the Debtor from re-filing for any relief under Title 11 of the United States Code for a period of 120 days; that any funds remaining on deposit with the Trustee shall be distributed, to the extent of funds available, first to the payment of any accrued adequate protection payments as set forth in the Debtor's most recent filed Chapter 13 Plan to the secured creditors as set forth therein, second to the payment of all approved administrative expenses, and, finally, the balance, if any, to the Debtor; and that the Trustee be given such other relief that the Trustee may show himself entitled.

      Respectfully submitted,

      CAREY EBERT
      CHAPTER 13 TRUSTEE

      /s/ Carey Ebert
      Carey Ebert, SBN 05332500
      110 N. College #1200
      Tyler, Texas  75702
      (903) 593-7777, Fax (903) 597-1313

CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing Motion to Dismiss and Setting Hearing has been served upon the following parties in interest by mailing a copy of same to them via first class mail or electronically on 2/7/19:

CHARLES WAYNE LANG
432 FAIRMONT
KILGORE, TX 75662

/s/ Carey Ebert
Carey Ebert